1

```
 1                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF NEBRASKA
 2

 3    UNITED STATES OF AMERICA,    )   No. 8:25CR113
                                   )
 4          Plaintiff,              )
                                   )
 5    vs.                          )
                                   )
 6    DEVONTEZ BOBO,               )
                                   )   Omaha, Nebraska
 7          Defendant.             )   October 3, 2025

 8

 9

10               TRANSCRIPT OF PLEA PROCEEDINGS
           BEFORE THE HONORABLE MICHAEL D. NELSON
11              UNITED STATES MAGISTRATE JUDGE

12

13                   A-P-P-E-A-R-A-N-C-E-S

14   FOR THE PLAINTIFF:     Mr. Matt E. Lierman
                            Assistant United States Attorney
15                          1620 Dodge Street
                            Suite 1400
16                          Omaha, NE 68102-1506

17   FOR THE DEFENDANT:     Ms. Kelly M. Steenbock
                            Assistant Federal Public Defender
18                          222 South 15th Street
                            Suite 300N, One Central Park Plaza
19                          Omaha, NE 68102

20   TRANSCRIBER:           Ms. Rogene S. Schroder, RDR, CRR
                            111 South 18th Plaza
21                          Suite 3129
                            Omaha, NE 68102
22                          (402) 661-7383

23

24
     Proceedings recorded by digital recording, transcript produced
25   by certified stenographer.
```

```
 1          (At 10:33 a.m. on October 3, 2025; with counsel and the
 2     defendant present:)
 3          THE COURT:  Okay.  We are on the record, then, in the
 4     matter of United States of America versus Devontez Bobo.  The
 5     case number's 8:25CR113.
 6          Counsel for the government?
 7          MR. LIERMAN:  Good morning, Your Honor.  Matt Lierman
 8     for the United States.
 9          THE COURT:  On behalf of the defendant?
10          MS. STEENBOCK:  Good morning, Judge.  Kelly
11     Steenbock, Assistant Public Defender, on behalf of Mr. Bobo,
12     who's at counsel table with me today.
13          THE COURT:  Okay.  Well, great.  Again, good morning,
14     Mr. Bobo.  How are you feeling today?
15          THE DEFENDANT:  I'm doing all right.
16          THE COURT:  Good.  We're scheduled for a change of
17     plea hearing.  Are you intending to enter a guilty plea today?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Before we proceed, I must determine
20     whether you consent to proceed before me as the magistrate
21     judge assigned to this case.  You could have this hearing in
22     front of the district judge that will be sentencing you.
23          Do you understand?
24          THE DEFENDANT:  Yeah.
25          THE COURT:  If you do consent, at the end of the
```

1    hearing, I will enter written findings as to what occurred.  I
2    will either recommend that your guilty plea be accepted or not
3    accepted.
4         Do you understand?
5              THE DEFENDANT:  Yes.
6              THE COURT:  Do you consent to proceed before me as a
7    magistrate judge?
8              THE DEFENDANT:  Yes.
9              THE COURT:  I'm gonna be asking you some questions
10   about your guilty plea and the facts related to this charge.
11   Before I can do that, I will need to place you under oath.
12        Could I have you stand up and raise your right hand.
13             THE DEFENDANT:  (Complied with request.)
14             THE COURT:  Do you solemnly swear or affirm that the
15   testimony you're about to give will be the truth, the whole
16   truth, and nothing but the truth?
17             THE DEFENDANT:  Yes.
18             THE COURT:  You may be seated.
19        I note the defendant answered in the affirmative.
20        Sir, do you understand that you're now under oath and that
21   your answers to my questions must be truthful?
22             THE DEFENDANT:  Yes.
23             THE COURT:  Do you understand that your answers could
24   be used against you if you're later charged with perjury or
25   making a false statement?

```
1              THE DEFENDANT:  Yes.
2              THE COURT:  Your guilty plea must be done willingly,
3     voluntarily, and knowingly, and without any threat or force.
4        Do you understand?
5              THE DEFENDANT:  Yes.
6              THE COURT:  If you do not understand any questions
7     asked or words spoken today, please either ask me or your
8     attorney to explain them.  If necessary, we'll take a break so
9     that you can meet privately with Ms. Steenbock.
10        Do you understand?
11             THE DEFENDANT:  Yes.
12             THE COURT:  Do you think you're able to proceed with
13    today's hearing?
14             THE DEFENDANT:  Yes.
15             THE COURT:  Sir, what is your full name?
16             THE DEFENDANT:  Devontez Bobo.
17             THE COURT:  Are you, in fact, the individual named as
18    the defendant in this Indictment?
19             THE DEFENDANT:  Yes.
20             THE COURT:  Are you -- have you consumed or are you
21    under the influence of any alcohol or drugs today?
22             THE DEFENDANT:  No.
23             THE COURT:  Are you presently taking medications?
24             THE DEFENDANT:  No.
25             THE COURT:  Are there medications that you should be
```

1    taking but you're not?
2            THE DEFENDANT:  No.
3            THE COURT:  Is there anything that I've not asked
4    that may be affecting your ability to think clearly or to make
5    sound decisions today?
6            THE DEFENDANT:  No.
7            THE COURT:  The Court has observed the demeanor and
8    conduct of the defendant and now finds that he is competent to
9    proceed about this hearing.
10        Sir, Count I in the Indictment charges a violation of
11   Title 21, United States Code, Section 841(a)(1) and (b)(1).  If
12   there was a trial, the government would be required to prove
13   each element of this charge beyond a reasonable doubt in order
14   to obtain a conviction.
15        The elements are as follows:
16        First, that you were in possession of cocaine.
17        Second, you intended to be in possession of a controlled
18   substance, namely, the cocaine.
19        And, third, that you intended to distribute some or all of
20   the cocaine to another person.
21        It's alleged that the offense occurred in the District of
22   Nebraska.
23        Mr. Lierman, did I properly set forth the elements of the
24   charge?
25           MR. LIERMAN:  You have, Your Honor.

1  THE COURT: Do you agree, Ms. Steenbock?
2  MS. STEENBOCK: Yes, Your Honor.
3  THE COURT: Sir, do you have any questions about the
4  nature of this charge or what the government would have to
5  prove in order to convict you?
6  THE DEFENDANT: No.
7  THE COURT: Have you discussed the facts of this
8  case, the evidence the government has against you, and any
9  defenses that you think you may have with Ms. Steenbock?
10 THE DEFENDANT: Yes.
11 THE COURT: Are you fully satisfied with the
12 representation that she's provided to you and the advice that
13 she's given to you in this case?
14 THE DEFENDANT: Yes.
15 THE COURT: I'm gonna go over the penalties for you.
16 If you're convicted of this offense, you can receive a maximum
17 term of imprisonment of 20 years, a fine of not more than
18 $1 million, or both such imprisonment and a fine, a supervised
19 release term of no less than three years and up to life in
20 addition to any term of imprisonment. There's a hundred dollar
21 special assessment. You may be ineligible for certain federal
22 benefits and there could be orders of restitution or forfeiture
23 of property if authorized or agreed upon.
24    Mr. Lierman, did I properly set forth the statutory
25 penalties?

| | |
|---|---|
| 1 | MR. LIERMAN: You did, Your Honor. |
| 2 | THE COURT: Ms. Steenbock? |
| 3 | MS. STEENBOCK: Yes. |
| 4 | THE COURT: Sir, do you have any questions about the |
| 5 | statutory penalties that you're now facing? |
| 6 | THE DEFENDANT: No. |
| 7 | THE COURT: We also have sentencing guidelines that |
| 8 | the Court must consider. They're not mandatory but they are |
| 9 | advisory. |
| 10 | Have you discussed these guidelines with your attorney and |
| 11 | how they might apply to your case? |
| 12 | THE DEFENDANT: Yes. |
| 13 | THE COURT: Do you understand that the advisory |
| 14 | guideline sentencing range will not be determined until after |
| 15 | the presentence investigation report has been completed and |
| 16 | fully considered by the Court? |
| 17 | THE DEFENDANT: Yes. |
| 18 | THE COURT: And do you understand that you could be |
| 19 | sentenced outside of the advisory guideline sentencing range, |
| 20 | either higher or lower? |
| 21 | THE DEFENDANT: Yeah. |
| 22 | THE COURT: I'm sorry? |
| 23 | THE DEFENDANT: Yes. |
| 24 | THE COURT: You're in the federal system. Parole was |
| 25 | abolished in our federal system; so if you're sentenced to |

1   prison, you'll not be released on parole.
2          Do you understand?
3              THE DEFENDANT:  Yes.
4              THE COURT:  After you serve any term of imprisonment,
5   you'll be on supervised release.  While you're on supervised
6   release, you'll be supervised by a probation officer and you
7   must comply with certain conditions.
8          Do you understand?
9              THE DEFENDANT:  Yes.
10             THE COURT:  If you violate a condition of supervised
11  release, it could be revoked and you could be returned to
12  prison and required to serve in prison all or part of that term
13  without credit for the time that you were under supervision.
14         Do you understand?
15             THE DEFENDANT:  Yes.
16             THE COURT:  Do you have any questions about
17  supervised release?
18             THE DEFENDANT:  No.
19             THE COURT:  If your guilty plea's accepted, you'll be
20  found guilty of a felony.  This could later work for -- to your
21  disadvantage.  For example, if you're later convicted of
22  another crime, your sentence for that crime could be increased
23  simply because of your conviction in this case.
24         Do you understand?
25             THE DEFENDANT:  Yes.

```
 1              THE COURT:  Conviction of this offense may also
 2   deprive you of valuable civil rights such as the right to vote,
 3   to hold public office, to serve on a jury, and to possess any
 4   kind of firearm.
 5       Do you understand?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Do you think you understand all the
 8   penalties that you now face?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  You do have a written plea agreement with
11   the government; correct?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Federal Rule of Criminal Procedure 11(d)
14   allows the withdrawal of a guilty plea before it is accepted
15   for any reason or no reason or after it is accepted for a just
16   and fair reason.
17       Do you understand that you're waiving that right under the
18   terms of your plea agreement?
19              THE DEFENDANT:  Yes.
20              THE COURT:  The sentence imposed by [sic] you could
21   very well be different from the sentence that you and your
22   attorney expect.
23       Do you understand that that fact alone would not provide
24   the basis for the withdrawal of your guilty plea even if you've
25   agreed to advisory sentencing guideline calculations pursuant
```

```
 1    to Federal Rule of Criminal Procedure 11(c)(1)(B)?
 2              THE DEFENDANT:  Yes.
 3              THE COURT:  Regarding the petition to enter a guilty
 4    plea, was Ms. Steenbock available to you to go over all the
 5    questions and make sure your answers were properly recorded?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Did you voluntarily and truthfully answer
 8    each question in the petition?
 9              THE DEFENDANT:  Yes.
10              THE COURT:  Did you read the petition and voluntarily
11    sign it?
12              THE DEFENDANT:  Yes.
13              THE COURT:  Do you have any questions about anything
14    in your petition?
15              THE DEFENDANT:  No.
16              THE COURT:  Regarding your written plea agreement,
17    again, was Ms. Steenbock available to go over all the
18    provisions of the plea agreement and answer any questions that
19    you had?
20              THE DEFENDANT:  Yes.
21              THE COURT:  Did you read and voluntarily sign it
22    after fully discussing it with her?
23              THE DEFENDANT:  Yes.
24              THE COURT:  Please listen carefully.  Mr. Lierman is
25    now gonna summarize the terms of the plea agreement.
```

1          MR. LIERMAN:  Your Honor, this plea agreement
2    contemplates that Mr. Bobo will be entering a plea of guilty to
3    Count I of the Indictment.
4        The United States will move to dismiss the forfeiture
5    allegation at the time of sentencing.
6        It explains the nature of the offense as well as the
7    factual basis underlying each of the elements in Count I.
8        It explains the penalties.
9        With regards to sentencing issues, there is no agreement
10   other than that we will move for an additional level of
11   reduction for acceptance of responsibility, Your Honor.
12       With respect to departures and reductions, the parties
13   agree the defendant may request or recommend additional
14   downward adjustments or departures.
15       It includes a waiver of appeal and collateral attack and
16   any breach of the agreement may render it null and void.
17         THE COURT:  Okay, sir, do you agree to that summary
18   of your written plea agreement with the government?
19         THE DEFENDANT:  Yes.
20         THE COURT:  Does this agreement contain all the
21   terms, conditions, and promises that you've reached with the
22   government in this case?
23         THE DEFENDANT:  Yes.
24         THE COURT:  Is that true, Ms. Steenbock?
25         MS. STEENBOCK:  Yes.

| | |
|---|---|
| 1 | THE COURT: Sir, in the plea agreement, you do waive |
| 2 | or give up the right to appeal your conviction and any sentence |
| 3 | imposed upon you and to file any post-conviction proceedings |
| 4 | except in certain limited circumstances as specifically set |
| 5 | forth in the plea agreement. |
| 6 | Do you understand that you're giving up these rights? |
| 7 | THE DEFENDANT: Yes. |
| 8 | THE COURT: Ms. Steenbock, did you fully and |
| 9 | accurately discuss with your client all plea offers made by the |
| 10 | government in this case? |
| 11 | MS. STEENBOCK: Yes, Your Honor. |
| 12 | THE COURT: Sir, did you have a full opportunity to |
| 13 | consider all plea offers made to you? |
| 14 | THE DEFENDANT: Yes. |
| 15 | THE COURT: After during so -- doing so, did you |
| 16 | voluntarily sign this written plea agreement with the |
| 17 | government? |
| 18 | THE DEFENDANT: Yes. |
| 19 | THE COURT: Did anyone make any other promises to you |
| 20 | or threaten you in any way to get you to sign the plea |
| 21 | agreement? |
| 22 | THE DEFENDANT: No. |
| 23 | THE COURT: Do you have any questions about your plea |
| 24 | agreement? |
| 25 | THE DEFENDANT: No. |

1       THE COURT:  When you plead guilty, you give up
2  certain constitutional rights so I'm gonna go over those with
3  you.  Please listen carefully.
4       You have the right to plead not guilty to any offense
5  charged against you and to go to trial on any charge filed
6  against you in this case.
7       You have the right to a speedy and public trial.
8       You have the right to assistance of an attorney without
9  cost to you if you cannot afford an attorney.
10       You have the right to a trial and to have a jury determine
11  whether the government has proved beyond a reasonable doubt
12  each and every element of the charged offense.
13       You have the right to see and hear all witnesses and
14  cross-examine any person who's a witness against you.
15       You have the right to not testify at your trial so that
16  you cannot be compelled to incriminate yourself.
17       You do, however, have the right to testify in your own
18  defense if you choose to; and you have the right to subpoena or
19  present witnesses or other evidence to assist you at your
20  trial.  Deciding not to testify or to put on any evidence
21  cannot be used against you.
22       Do you understand that under the Constitution of the
23  United States, you have and can use all of these rights?
24           THE DEFENDANT:  Yes.
25           THE COURT:  Do you understand that if your guilty

1   plea's accepted, there'll not be a trial on the charge filed
2   against you because when you plead guilty, you give up your
3   right to a trial?
4           THE DEFENDANT:  Yes.
5           THE COURT:  If your guilty plea's accepted, you give
6   up your right to challenge the manner in which the government
7   obtained its evidence against you.
8       Are you all right, sir?
9           THE DEFENDANT:  Yeah.
10          THE COURT:  Okay.
11          THE DEFENDANT:  I'm fine.
12          THE COURT:  If your guilty plea's accepted, you give
13  up your right to challenge the manner in which the government
14  obtained its evidence against you.  For example, the manner in
15  which you were questioned or the manner in which you, your
16  home, or your property were searched.
17      Do you understand?
18          THE DEFENDANT:  Yes.
19          THE COURT:  To get you to waive these constitutional
20  rights, has anyone connected with law enforcement or anyone
21  else threatened you, directly or indirectly, used any force
22  against you, or promised you anything other than your written
23  plea agreement?
24          THE DEFENDANT:  No.
25          THE COURT:  Did you discuss these constitutional

1   rights with Ms. Steenbock?

2   THE DEFENDANT: Yes.

3   THE COURT: Did you discuss these rights with your

4   attorney?

5   THE DEFENDANT: Yes.

6   THE COURT: And do you freely and voluntarily give up

7   all these constitutional rights with respect to the charge

8   alleged against you in Count I of the Indictment?

9   THE DEFENDANT: Yes.

10  THE COURT: Mr. Lierman, you said pursuant to the

11  plea agreement, the forfeiture allegation's gonna be dismissed?

12  MR. LIERMAN: Yes, sir.

13  THE COURT: After consideration of the responses of

14  the defendant in this case to all the questions I've asked, I

15  now find that he is competent to plead to the offense alleged

16  against him in Count I of the Indictment, he understands the

17  nature of that charge, and the possible penalties that may be

18  imposed upon conviction.

19      He understands his rights. He willingly, voluntarily, and

20  knowingly waives those rights; and he fully understands the

21  consequences of waiving those rights, including the fact that

22  there'll be no trial in this case because he is pleading

23  guilty.

24      I therefore accept the defendant's waiver of his rights.

25      Sir, knowing and understanding everything in your Petition

1   to Enter a Plea of Guilty, your written plea agreement, and
2   everything that we've discussed today, how do you now plead to
3   the offense alleged against you in Count I of the Indictment?
4              THE DEFENDANT:  Guilty.
5              THE COURT:  To get you to plead guilty, has anyone
6   connected with law enforcement or anyone else threatened you,
7   directly or indirectly, used any force against you, or promised
8   you anything other than your written plea agreement?
9              THE DEFENDANT:  No.
10             THE COURT:  Are you freely and voluntarily pleading
11  guilty to Count I of the Indictment?
12             THE DEFENDANT:  Yes.
13             THE COURT:  And are you, in fact, guilty of this
14  offense?
15             THE DEFENDANT:  Yes.
16             THE COURT:  The parties have stipulated to a factual
17  basis as set forth on page 2 of the written plea agreement.  I
18  am gonna ask Mr. Lierman to set forth the factual basis for
19  this offense.  In other words, those facts the government would
20  expect to prove by evidence beyond a reasonable doubt if there
21  were a trial in order to obtain a conviction in this case.
22         Sir, please listen carefully.
23             THE DEFENDANT:  Yes.
24             MR. LIERMAN:  Thank you, Your Honor.
25         The evidence would show that in December of 2019, the

1   defendant, Mr. Bobo, was sentenced to 72 months' custody and 3
2   years of supervised release at 8:19CR36 after he pled to an
3   Information alleging 21 United States Code 841(a)(1) and
4   (b)(1), distribution of cocaine; 18 United States Code Section
5   922(g)(1), felon in possession of a firearm; and 18 United
6   States Code Section 2421, transportation with the intent to
7   promote prostitution.
8          While under supervision, on July 1, 2024, the defendant
9   submitted a urine sample that was presumptive positive for
10  cocaine.  Mr. Bobo denied the drug use and this test was sent
11  to a lab for confirmation.
12         A search warrant was executed on his home -- or at his
13  home and law enforcement recovered cell phones, narcotics
14  distribution paraphernalia, and 218.96 grams of cocaine.
15  Defendant was present during this search.
16          The cocaine was confirmed as to both weight and substance
17  per forensic laboratory analysis, and all events occurred in
18  the District of Nebraska.
19            THE COURT:  Sir, do you agree that what you just
20  heard would be the government's evidence against you if you
21  went to trial on the charge to which you're pleading guilty?
22            THE DEFENDANT:  Yes.
23            THE COURT:  Do you agree to all those facts
24  stipulated to as stated by Mr. Lierman and as set forth in your
25  plea agreement?

```
 1              THE DEFENDANT:  Yes.
 2              THE COURT:  Are all those facts true?
 3              THE DEFENDANT:  Yes.
 4              THE COURT:  And do you believe the government would
 5   be able to prove all those facts beyond a reasonable doubt?
 6              THE DEFENDANT:  Yes.
 7              THE COURT:  Are there any additional questions that
 8   you believe should be posed to the defendant, Mr. Lierman?
 9              MR. LIERMAN:  No, sir.  I don't believe so.
10              THE COURT:  Any additional questions I should ask
11   your client, Ms. Steenbock?
12              MS. STEENBOCK:  No, Your Honor.
13              THE COURT:  I take it that the amount of cocaine is a
14   amount that would constitute an amount for distribution,
15   Mr. Lierman?
16              MR. LIERMAN:  Yes, sir.  It's consistent with
17   distribution in addition to the -- the narcotics distribution
18   paraphernalia that was also found in the home.
19              THE COURT:  Do you agree with that, Mr. Bobo?
20              THE DEFENDANT:  Yes.
21              THE COURT:  The Court now finds that the defendant is
22   competent and capable of entering an informed plea to the
23   charge alleged against him in Count I of the Indictment.  He is
24   aware of the nature of that charge and the consequences of his
25   guilty plea.
```

1     His guilty plea is knowing and voluntary and is supported
2     by a factual basis concerning each essential element of the
3     offense charged, and he is aware that his answers during these
4     proceedings may be used against him if there's later a charge
5     of perjury or false statement.
6          Sir, I will recommend that your guilty plea be accepted.
7     I'll order a presentence investigation.  They may wanna
8     interview you.  As you know, this could be helpful regarding a
9     determination of your sentence and also classification,
10    programming, and supervision matters.
11         Whether your plea agreement is accepted or not accepted
12    will be left to Judge Buescher but I will recommend that it be
13    accepted.
14         I will enter an Order on Sentencing Schedule and I'll set
15    the sentencing in front of Judge Buescher for January 7th,
16    2026, at 9:30 in the morning.
17         Sir, you've been in custody pursuant to a detention order
18    at filing number 14.  For the reasons set forth in that order
19    and on the record, you'll remain in custody pending sentencing
20    or further order of the Court.
21         Are there additional matters on behalf of the government?
22              MR. LIERMAN:  No.  Thank you, Your Honor.
23              THE COURT:  You're welcome.
24         Defendant?
25              MS. STEENBOCK:  No, Your Honor.

8:25-cr-00113-BCB-MDN   Doc # 29   Filed: 10/16/25   Page 20 of 20 - Page ID # 118

20

```
1              THE COURT:  Good luck, sir.
2        We're in recess.
3        Parties are excused.
4        (Recess taken at 10:50 a.m.)
5
6                      * * * * * * *
7
8        I, Rogene S. Schroder, certify that the foregoing is a
9    correct transcription to the best of my ability from the
10   digital recording of the proceedings held in the above-entitled
11   matter.
12        /s/Rogene S. Schroder                     October 16, 2025
              Transcriber                                Date
13
```